UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NIKOLAY SHCHERENKOV,<br><br>                Petitioner,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>                Respondent. | No. C10-5076 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for: April 23, 2010** |

Petitioner, Nikolay Shcherenkov, is a state prisoner currently incarcerated at the Pierce County Jail, located in Tacoma, Washington. This matter came before the undersigned on Mr. Shcherenkov's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Dkt. 2. After reviewing the petition, the undersigned declined to serve the petition but granted leave to amend. Dkt. 5. Mr. Shcherenkov filed a document entitled "Amended Petition," but it is also deficient. Dkt. 7. After a careful review of the record, the undersigned recommends that the Court dismiss Mr. Shcherenkov's petition because he has not exhausted his state court remedies.

*DISCUSSION*

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the

REPORT AND RECOMMENDATION - 1

federal court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum.  *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made.  *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (citing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)).  A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).  The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim."  *Id*.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992).  The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Insyxiengmay*, 403 F.3d at 668; *Baldwin*, 541 U.S. at 33.

In his proposed petition for writ of habeas corpus under 28 U.S.C. § 2241, Mr. Shcherenkov indicates that he was sentenced on November 23, 2009 after pleading guilty to third degree assault, and that he did not appeal from the judgment of conviction.  Dkt. 2, pp. 1-2 (CM/ECF page numbering).

REPORT AND RECOMMENDATION - 2

Mr. Shcherenkov argues that he was misinformed and was coerced into a plea bargain. Dkt. 2, p. 5. Mr. Shcherenkov does not, however, indicate that these grounds for relief have been properly exhausted in state court. Specifically, the petition does not show that Mr. Shcherenkov has presented his claims for relief to the Washington Court of Appeals and the Washington State Supreme Court. In his Amended Petition, Mr. Shcherenkov states only that he is claiming a "due process violation of the United States Constitution," and "Washington State Constitution Article (1) Declaration of Rights," in addition to his claim of coercion. Dkt. 7, p. 3.

Mr. Shcherenkov's first avenue for relief is in the state courts, not in this court. He has been advised that he must first present his claims for habeas relief in the Washington state appellate courts.

*CONCLUSION*

Because it appears that Petitioner has failed to exhaust all of his state court remedies, the court should deny the petition. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **April 23, 2010**, as noted in the caption.

DATED this  2nd  day of April, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3